Filed 4/8/16  P. v. Guajardo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOEL GUAJARDO,<br><br>    Defendant and Appellant. | F071001<br><br>(Super. Ct. No. 542165-6)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from an order of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant Joel Guajardo pled to one count of attempted robbery in 1995, a violation of Penal Code[1] sections 211, 212.5, subdivision (c), and 664. A term of 25 years to life, with possibility of parole, was imposed, as Guajardo was a third strike defendant. On November 20, 2014, Guajardo filed a petition to recall his sentence and for resentencing pursuant to section 1170.18, subdivision (a). The trial court denied the petition on the basis Guajardo was ineligible for resentencing. Guajardo appealed. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On November 20, 2014, Guajardo filed a petition for recall and resentencing, pursuant to section 1170.18, of his 1995 conviction for attempted robbery. In his petition, Guajardo stated he pled to the offense as a third strike defendant. He further stated that he had been "clean and sober" during his time in prison, was a trustworthy inmate, was no longer a dangerous criminal, and asked to be resentenced.

On January 26, 2015, the trial court issued its order denying Guajardo's petition on the basis he was ineligible for relief. Guajardo filed an appeal on February 9, 2015. Appellate counsel was appointed March 23, 2015.

## DISCUSSION

Appellate counsel filed a *Wende*[2] brief on May 21, 2015. That same day, this court issued its letter inviting Guajardo to submit supplemental briefing. Guajardo submitted supplemental briefing on June 22, 2015. His supplemental briefing essentially challenges his 1995 conviction, to which he pled, and the sentence imposed. Guajardo should have raised those challenges in a direct appeal from the 1995 conviction. (§ 1237.5.)

---

[1] References to code sections are to the Penal Code unless otherwise specified.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

2.

The record reflects that Guajardo pled to a charge of attempted robbery as a third strike offense and was sentenced to a term of 25 years to life, with the possibility of parole. Guajardo acknowledged pleading to the offense in the petition for resentencing that he filed.

Section 1170.18, subdivision (a) specifically lists those offenses that qualify for resentencing and reduction to a misdemeanor; sections 211 and 212.5 are not among them. "The legislative inclusion of the … crimes … necessarily excludes any other[s]." (*People v. Gray* (1979) 91 Cal.App.3d 545, 551.) Based on the statutory language of section 1170.18, subdivision (a), Guajardo is ineligible for resentencing and the trial court properly denied his petition.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The January 26, 2015 order denying the section 1170.18 petition is affirmed.